IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ATWOOD,,

        Plaintiff,

  v.

MICHAEL A. SPAETH, et al,

        Defendants,

Civil No. 06-1726-ST

JURY TRIAL MANAGEMENT ORDER

STEWART, Magistrate Judge:

    1.    A pretrial conference will be held at **9:30 a.m. on Tuesday, April 1, 2008**, in chambers (room 1107).

    2.    An estimated 3-4 day jury trial date is set to begin at **9:00 a.m. on Tuesday, April 8, 2008** in courtroom 11A.

    3.    File the original (plus one copy for the Court), and serve copies on all parties, of the following documents. Each item listed below should be a separately captioned and stapled document; do not staple different items together.

1 - JURY TRIAL MANAGEMENT ORDER

  a. **No later than February 19, 2008:**  Joint Statement of Trial Issues

  b. **No later than March 18, 2008:**

    (1) Exhibits and exhibit lists (original and one copy of the exhibits should be delivered to Donna Ausbie rather than electronically filed);

    (2) Witness lists;

    (3) Trial memoranda;

    (4) Motions in limine;

    (5) Itemized list of special damages, if any;

    (6) Requested jury instructions, voir dire questions and verdict forms.

  c. **No later than March 21, 2008:**

    (1) Any objections to the other party's exhibits, witnesses, and jury instructions (the nature and reason for objections may be handwritten on copies of opponent's submissions and submitted for filing with an appropriate cover sheet);

    (2) Responses to motions in limine.

**(After electronically filing the above documents, please deliver to chambers (room 1107) a computer disk containing an electronic copy of your documents in a format compatible with Word Perfect, or 'e' mail a copy of your documents to Donna_Ausbie @ord.uscourts.gov .)**

4. **<u>Joint Statement of Trial Issues.</u>**

If required by the court in lieu of a Pretrial Order, the Joint Statement of Trial Issues must contain a statement of each claim by the plaintiff(s) with the legal contentions supporting each claim, and each defense to each claim by the defendant(s) with the legal contentions supporting each defense.  Contentions should not recite the evidence to be offered at trial, but must be sufficient to frame the issues to be decided by the Court and jury.

5. **Exhibits and Exhibit Lists.**

    a. **Numbering**: Plaintiff's exhibits should be numbered and listed starting with "1." Defendant's exhibits should be numbered and listed starting with "101." Separately identify exhibits the party expects to offer and those the party may offer if the need arises. Print the case number on each exhibit sticker. For multiple parties or numerous exhibits, contact Donna Ausbie at 326-8057 for number assignments. Photographs, charts, and the like should be individually numbered unless they are of a specific set, in which case they will be given a lead number, such as Exhibit 50 with sequential destinations 50a, 50b, etc. Exhibit lists should exactly reflect the exhibit numbers as presented to the Court.

    b. **Binding**: Original exhibits and copies of exhibits for the Court (except for depositions) should be punched into 3-hole binders and separated with numbered divider tabs.

    c. **Impeachment exhibits**: Impeachment exhibits should be marked, sealed and delivered only to chambers. List these on your Exhibit List as "Impeachment Exhibits." Impeachment exhibits are exhibits that, in good faith, are expected to be used for tactical surprise (not for substantive evidence) and have not been previously disclosed.

    d. **Depositions, audiotapes and videotapes**: Do not mark as exhibits any deposition which will be used solely to refresh recollection or for impeachment. For any deposition to be offered as substantive evidence, underline or highlight those portions of the transcript sought to be admitted. Should more than one party wish to offer the same deposition, jointly submit a single copy. If the parties are unable to agree on which portions of the joint deposition are to be highlighted, each party should select a different color and should designate,

on the single copy, those portions of the depositions it intends to use.  **Deposition transcripts submitted for substantive evidence are considered exhibits and are to be marked and numbered as exhibits, but do not need to be punched into exhibit binders.**  If there are numerous depositions, contact Donna Ausbie.  Any audiotapes and videotapes to be shown at trial shall be thoroughly edited.  Any objections to the editing not resolved by the parties shall be presented to the Court at the pretrial conference.

      e.    **Expert Reports**:  Do not mark expert reports as exhibits.

6.    **Witness Lists**.

      a.    **Witnesses**:  List all witnesses to be called by name, address and occupation, together with a summary of their testimony.  Witness statements may be brief, but must include sufficient information to give the opposing party and the Court a clear understanding of the content of the testimony.  Shorter statements are allowed for witnesses whose depositions have been taken.  Give a time estimate for the direct testimony of each witness.  Separately identify witnesses a party expects to call and those the party may call if the need arises.

      b.    **Impeachment Witnesses**:  Names and statements of impeachment witnesses may be sealed and delivered only to the Court.  Impeachment witnesses are those who, in good faith, are expected to be used for tactical surprise (not for substantive evidence) and have not been previously disclosed.

      c.    **Expert Witnesses**:  Submit to the Court a copy of the previously exchanged expert disclosure statements.

7.    **Trial Memoranda**.  Include a brief statement of facts and elements of each

claim and defense with supporting legal authorities.  Trial briefs shall not exceed 35 pages without prior consent of the Court.

        8.     **Proposed voir dire questions**.  The Court will grant each party up to a total of 10 minutes voir dire after conclusion of the Court's voir dire.  Any voir dire undertaken by counsel shall be restricted to those areas approved by the Court and within the accepted proposed voir dire questions.

        9.     **Requested Jury Instructions**.  The Court's will use the standard Ninth Circuit or Oregon jury instructions as appropriate.  **Only submit proposed jury instructions specific to the issues in the case.**  To the extent possible, the parties should submit a single set of joint, agreed upon jury instructions.

        10.    **Pretrial Conference**.  The following is a list of subjects that will be discussed at pretrial conference:

        a.     Motions in limine and other objections to witnesses, depositions and exhibits.

        b.     Voir dire questions.

        c.     Peremptory challenge procedures.

        d.     Jury instruction objections.

        e.     Verdict form.

        f.     Settlement.

        g.     Anticipated timetable.

        h.     Courtroom presentation of:

        (1)     Graphics or exhibits during opening statement.

        (2)     Demonstrative evidence (maps, summaries, models,

        computer animations, etc.)

     (3) Equipment needs (lectern, digital projector, VCR or DVD player, etc.)

Absent a strong showing of good cause, no exhibits or testimony will be received in evidence at trial unless presented in accordance with this Order.

DATED this   12th   day of June, 2007.

          /s/  Janice M. Stewart  
        Janice M. Stewart  
        United States Magistrate Judge

6 - JURY TRIAL MANAGEMENT ORDER